MORTON *vs.* RILS. ·

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

The declaration of a party to his adversary, or in his presence when admitted uncontradicted or even weakly defended, is admissible when offered by the party who made it, in order to establish the evidence which results from the admission, silence, or weak defence of his adversary.

In an action on a contract for work and labor, where the defendant, pleading that the plaintiff has not performed his obligation, claims of the latter damages in compensation or reconvention, he must prove that the latter has been put *in morâ.*

This suit was brought on a breach of a written contract entered into in July, 1830, by which the plaintiff, for one thousand dollars, was obligated to complete all the wood work in erecting for the defendant on his plantation a sugar house, of which the latter was bound to furnish the materials without delay, when they were wanted. The work was to be commenced on the 15th of April, and to be finished in September. The contract contains the following clause: "If the said J. B. Rils makes Morton and his hands wait for timber, as many days as he makes them, he will allow him to finish the work."

The defendant, admitting his signature to the contract, denied that the plaintiff had complied with his stipulations, pleaded payment of a part of the sum agreed on, averred that the work was not finished until November, and that he had thereby sustained the loss of fifty-five acres of sugar cane, valued at two thousand dollars, and five thousand gallons of molasses, valued at seven hundred dollars. He prayed that so much of the plaintiff's account as was just, might be compensated, and for judgment in his favor for the balance.

During the trial several bills of exceptions were taken, which are stated in the opinion of the court.

The jury returned a verdict for the defendant. The plaintiff appealed.

EASTERN DIS.
*May,* 1833.

MARTIN, J. delivered the opinion of the court.

MORTON
*vs.*
RILS.

The plaintiff claims one thousand dollars for work and labor on the sugar house of the defendant's plantation, on a contract according to the intent of which the work is averred to have been done, the plaintiff having been long and often delayed by the defendant's neglect to supply him with necessary or suitable materials.

The answer is the general issue, but it admits the defendant's signature to the contract, it avers the plaintiff's neglect to comply with the obligation he has assumed, and has received partial payments, that the plaintiff was tardy in the performance of his work, and negligent or unskilful in its execution, whereby the defendant lost part of his crop, and otherwise sustained other damage and injury.

There was a verdict in his favor, the plaintiff made an unsuccessful effort to obtain a new trial, and appealed from the judgment thereon.

Several bills of exceptions claim our attention.

I. The first is to the permission given by the court to the defendant's counsel, to ask a witness whether the defendant had not told him he was bound under a penalty of ten thousand dollars, to complete the work on the 15th of October, and that independantly of this sum he would lose his crop, if it was not done; that the plaintiff was not able to pay damages and had abandoned him, that if he would send the witness hands, and complete the work, he would not trouble him. The plaintiff's objection to the question was, that it was an attempt of the defendant to use as evidence for himself his own declarations, out of the plaintiff's presence. The objection was overruled and the plaintiff's counsel took a bill of exceptions.

We are unable to see how a violation of all of the principal rules of evidence could be defended, and think the first judge erred.

II. The next bill is to the court suffering the defendant's counsel to ask, whether his client had not remonstrated with the plaintiff on his frequent absences and great inattention

and neglect, while the work he had undertaken to complete was going on. The objection was merely the same as in the preceding bill. But the cases in our opinion materially differ, the party's declarations to his adversary, or in his presence, when admitted or uncontradicted, or even weakly defended are admissible, in order to establish the evidence which results from the admissions, silence, or weak defence of the party to whom, or in whose presence the declarations are made. We conclude the judge did not err, in permitting the question to be put.

III. A third bill was to the refusal of the judge to allow a witness on the invitation of the plaintiff, to refresh his own memory by looking over notes of the testimony of the same witness in a former trial. The bill of exceptions does not enable us to judge of the authority of the notes referred to. If they were the witness' own notes, there cannot be any doubt that he might and ought to have been allowed to refresh his memory by recurring to them.

As the bill of exceptions does not enable us to ascertain what notes are referred to, we must decline acting on them.

IV. The last bill was to the introduction by the defendant, of evidence of the damages claimed in the answer.

The objections were, the absence of an allegation of the plaintiff being *in morâ*, that from the nature of the contract and the defence, there could not be any other breach of the contract, than a *positive* one; that the contract states a specific time of performance, and lastly, that if the party be not *in morâ*, no defence or evidence is admissible, which does not tend to show a non-performance, in relation to the work or its price, but not in relation to damages.

The testimony was admitted as far as it tended to establish damages or compensation, and the bill of exceptions was taken.

Damages are not to be claimed of a party, till he has been put *in morâ*, (*La. Code*, 1927,) in the case of a negative breach. Here the allegation is that the party neglected to perform the obligation. There cannot be any good reason

The declaration of a party to his adversary, or in his presence when admitted, uncontradicted or even weakly defended, is admissible when offered by the party who made it, in order to establish the evidence which results from the admission, silence, or weak defence of his adversary.

EASTERN DIS.
*May,* 1833.

that the circumstance of putting *in morâ* should be dispensed with, where damages are claimed in compensation or by reconvention. A party's claim on a contract may be an evidence of his not having performed the obligation incumbent on him, notwithstanding he never was put *in morâ,* but where damages are claimed from him, the putting him *in morâ* cannot be dispensed with, and must be proved.

As illegal evidence, was admitted, and the case was tried by a jury, the appellant has a right to have the case remanded for a fair trial by jury, on legal evidence only.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside and the case remanded for a new trial, with directions to the judge not to admit the testimony referred to in the first bill of exception, nor to admit evidence of damages claimed, *or compensation* for the alleged negative breach of the contract, without legal evidence of his having been put *in morâ:* It is further ordered that the appellee pay costs in this court.

*Burk* and *Davis,* for appellant.