CONSERATIVE HOMESTEAD ASSOCIATION

VS  **7296**  NO. 7 2 9 6

JAS. C. TOURNE & AL

CHARLES F. CLAIBORNE, JUDGE.

**April 22nd. 1918.**

CHARLES F. CLAIBORNE, JUDGE.

This is a consursus proceeding, arising from a building contract. It was filed July 26th. 1917.

The plaintiff alleged that it employed the defendant, Tourne, to erect a building for the price of $4094.00; that Tourne furnished the National Surety Company as bondsman for a like amount; that the following parties have recorded claims and privileges against petitioner and the building, viz:

| | |
|---|---|
| C. Murphy | $ 333.27 |
| Conservative Homestead Association | $ 150.00 |
| Andrew M. Buchman | $ 12.50 |
| Falvy Wilson Company, Ltd. | $ 197.40 |
| | $ 693.17 |

That the building has been erected and accepted since March 31st. 1917; that under the contract the Contractor and the Surety Company owe the attorney's fees incident to the enforcement of the contract, worth $50.00, and the costs of the same; that a clause of said contract provided that the contractor was to deliver the work before March 1st. 1917, and on his failure to do so the association was authorized to keep out of any sum due him $5.00 a day for each day the work should remain incomplete; that the building was completed only on March 31st., so that the contractor owes petitioner $150.00 liquidated damages; that the contractor bound himself to deliver the building free from any recorded privileges. The Company prayed for a concursus, for citation of all persons interested; for judgment against the Contractor and the Surety Company for $50.00 and $150.00; and that all claims and privileges be cancelled.

The plaintiff made no admission of any indebtedness to the contractor, nor did it deposit any amount of money on filing its petition.

116

The only parties cited were Cornelius Murphy and the Surety Company.

Murphy admitted all the allegations of the petition, and filed a detailed statement of his claim for labor and materials furnished to the building substantially as follows:

| | |
|---|---|
| Wages of four laborers from November 27th. to December 30th. 1916, sundry time | $ 87.75 |
| Various prices of lumber of various sizes | $206.52 |
| Rent of concrete mixer for 20 days @ $2.00 | $ 40.00 |
| Making a total of | $334.27 |

The Surety Company admitted the contract and its signature, but denied any liability.

As to the claim of Murphy it averred 1st. That he agreed to allow Tourne free of charge the services of four laborers on the concrete work in exchange for wiring to be done by Tourne; 2nd. That only 1800 feet of lumber were used by Tourne on the building; 3rd. That it was agreed that not more than $1.50 a day should be charged for the use of the mixer.

It alleged that the delay in delivering the building was due entirely to plaintiff's fault in ordering extra work. That it did not owe the claim of Buchman. That the claim of Falvy-Wilson was for material bought by Murphy for his own account and not included in the specifications and contract.

That it was not liable for attorney's fees. It averred that plaintiff owed the last installment of $684.00 with legal interest from April 15th. 1917, which it failed to deposit.

Buchman admitted all the allegations of the petition. He averred that he prepared the building contract and bond for the erection of the building; that his services therefor are worth $8.00, and that he recorded the contract at a cost to him of $4.00, and recorded his claim therefor at an expense of $1.50; that under the contract Tourne was to pay for those expenses, and that the plaintiff and the defendant are equally liable to him and that he has a privilege on the building for his claim.

On October 30th. 1917 the plaintiff deposited $684.00

in the depository of the Court.

On motion of plaintiff and under Act 52 of 1912 p 61 the Court appointed Meyer S. Dreifus, Attorney-at-Law, special commissioner to report upon the law and the facts of the case.

The Commissioner recommended the following distribution of the fund.

1st. Each party to be reimbursed his costs.

| | |
|---|---|
| 2nd. Meyer S. Dreifus | $ 150.00 |
| 3rd. Hon. J. A. Breaux | $ 50.00 |
| 4th. Conservative Homestead Association | $ 150.00 |
| 5th. Andrew M. Buchman | $ 12.50 |
| 6th. Falvy-Wilson Co., Ltd. | $ 37.50 |
| 7th. Cornelius Murphy | $ 40.50 |

Balance to defendant company.

There was judgment homologating the report of the Commissioner and the Company has appealed. In this Court Murphy has asked in increase of judgment to the amount prayed for by him.

We shall take up the claims in the order presented in the judgment.

2nd. Meyer S. Dreifus               $ 150.00

Section 9 of the Act of 1912 provides "that the compensation to be allowed the special commissioner under this act for his services shall be fixed by the Court in its discretion having regard to all the circumstances thereof, and the compensation shall be charged upon ahd borne by the party cast, or the mass in the discretion of the Court."

As we have shown the amount deposited was $684.00. According to the record the sittings were three in number before 11 and after 3:15 P. M., and we are informed by the argument, lasted each time two or three hours; nine witnesses were examined; their testimony covered 96 pages , the report of the commissioner is four pages long; the determination of the issues presented mainly questions of fact and no law was involved requiring much erudition or thought. Under the circumstances we think a fee of $75.00 Dollars is sufficient.

3rd. Honorable J. A. Breaux attorney for the plaintiff

118

$50.00. It is conceded that if the fee is due at all, it is reasonable in amount. The plaintiff alleges in its petition that the Contractor and the Surety Company owe the fee to the attorney employed by it; and it prays for judgment against them. But it claims no privilege upon the fund. We are therefore relieved of the necessity of deciding whether it is a privilege upon the fund under the law. All we are called on to decide is whether the Surety Company has bound itself to pay it under the contract.

Section 9 of the contract reads as follows: "In the event of any controversy arising under this contract, either between the Association and the contractor, or between the Association and a furnisher of materials, sub-contractor, or other workmen, the fees of the attorney-at-law who may be employed to represent the Association in said controversy shall be paid by the contractor and shall constitute a charge against the contractor and the Surety."

This contract is signed by the National Surety Company and fixes its liability for the fees claimed here.

4th. Conservative Homestead Association          $150.00

This sum is claimed for demurrage or delay in completing and delivering the building within the time specified in the contract.

The second paragraph of the third section of the contract reads as follows:

"It is agreed that should said contractor fail to finish the work at or before the time agreed upon, he shall pay to or allow said corporation to keep out of any sum due or to become due in this contract, by way of liquidated damages, the sum of five dollars per diem, for each and every day thereafter the said work shall remain incomplete."

Section three of the contract provided that the contractor should deliver the building completed on or before the first day of March, 1917. The building was delivered only on March 31st. Hence the claim for the penalty of five dollars a day for thirty days or one hundred and fifty dollars.

This delay was a passive violation of the contract.

Article 1931 (1925) of the Civil Code provides: " A contract may be violated, either actively, by doing something inconsistent with the obligation it has proposed, or, passively, by not doing what was covenanted to be done, or not doing it at the time, or in the manner stipulated, or implied from the nature of the contract." See also C.C. 1932 (1926)

The law and the jurisprudence have fixed the rule that when a contract has been violated by failure to perform within the time specified it is a passive violation and a default is an essential prerequisite to the recovery of future damages. C.C. 1912 (1906) 6 N. S. 229 (234); 5 La. 415; 14 La 80; 2A 306; 3A 444; 11A 300; 38A 781; 117La 1023; 119 La 795; 832; 855. C. N. 1146; 4 Aubry & Rau p 95; 24 Denol. $ 514 - // *Bandry* - *Lac S426-468* Plaintiff has not alleged the putting in default which was essential to permit its proof. 6 N. S. 230; 13La 229; 2 R 498- 10R 524- 38A 782.

But even if it has alleged it, it has not proved it.

But plaintiff answers that defendant cannot take advantage of the want of default, because he has not pleaded it, and that such a defense must be specially pleaded. In the case of Livingston vs Scully 38A 781 the Court after reviewing the jurisprudence on the question said: "The failure of the plaintiff to put defendant in default does not oblige him to specially deny that fact. It is the duty of the plaintiff to allege and prove it, else he cannot recover." See also 2 Ct. App.215-389.

The plaintiff therefore is not entitled to recover damages for delay.

5th. Andrew M. Buchman                    $ 12.50.

We cannot agree with the claimant in this case that the law gives him a privilege upon the contract price or upon the building for the services rendered by him.

Section 1 of Act 262 of 1916 provides: xxx and such recordatah(af the building contract) shall create a lien and privilege on the building and grounds or other work so repaired, re-

120

constructed, erected, or constructed, in favor of the said undertaker, contractor, master-mechanic, engineer, sub-contractor, workman, laborer, mechanic (upon the building) or furnisher of materials, as their interest may appear."

To the same effect is Article 3249 (3216) of the Civil Code. But nowhere do we see a privilege accorded in favor of the Notary for preparing the building contract or recording it. None of claimants labors have been applied to the building. Privileges can be claimed only for those debts to which it is expressly granted by law. C. C. 3185 (3152)

Neither has our attention been called to any clause in the contract imposing upon the surety or any one else the obligation of paying these costs. But if we assume that it was the duty of the contractor to pay for these costs, as stated in the specifications, it does not follow that, on his default, they should be paid by the Surety, any more than the Surety could be called on to pay for the insurance on the building as it progressed, which *the contractor* had obligated *himself* to take out at *his* own expense under the 5th. clause of the contract. Suretyship must "be restrained within the limits intended by the contract." C. C. 3039 (3008)

6th. Falvy-Wilson & Co.,                    $ 37.50

The only item included in the contract and furnished by this claimant is a mantel worth $37.40. The other items are for wall and electric light fixtures not provided for. They cannot be allowed.

7th. Cornelius Murphy                    $ 40.50

The item of $87.75 for wages of four laborers is not established with any degree of certainty. Murphy alone swears to it. None of the laborers who earned the wages have been examined as witnesses. This leaves the claim uncertain. 37A 492 (495) Besides, there is in the record a letter by Murphy to the contractor, Tourne, agreeing to furnish at his expense, a number of "laborers on the concrete work to offset the cost of extra wiring", and that at his request the concrete foundations were increased.

The Commissioner rejected it and we cannot say that he

121

has erred. Murphy was expected to buy the property from the Homestead and suggested and made alterations and improvements to the plans which were accepted.

His claim for lumber was reduced by the Commissioner from $206.52 to $40.50 representing 1500 feet of sheating $25, and 600 feet of framing lumber $15. Murphy alone testified as to the correctness of his claim. Tourne, the original contractor had defaulted and went out of the City and August Frank was employed by the Surety Company to complete the building. According to him there were only 600 feet of board measure sills and 1600 feet of sheating of Murphy's lumber in the building.

A foreman and Frank testify that Murphy told them to use any of the lumber on the place to make the concrete molds. They did so use them, and afterwards, the forms were broken up and the lumber piled up and left on the place. Murphy admits that the sum of $40.50 represents the value of the lumber used in the building. But he also claims $166.02 value of lumber used in making the concrete forms. The commissioner rejected this claim and we think correctly.

In regard to the concrete mixer the answer of the Surety Company is that it was agreed that only $1.50 a day would be charged for it. The evidence shows that such is the rental value of it. We shall therefore allow the claim, but reduce it to $30.00.

The claim of the Surety Company for interest upon the amount of $684 due by the Homestead Company and not deposited by it at the time it filed this concursus proceeding must be recognized.

In the case of Freyhan vs. Berry 49 A. 305 the Court decided that there was no concursus unless the owner actually deposited in Court the amount admitted to be due by him. See also Morris v. Cain 39 A.712 (733).

In Willey vs. St. Charles Hotel 52A.1581 (1601) the Court said that interest was due upon the amount due from the date of the tender up to the date of the deposit. See also 6Ra.2070.

This ruling cannot apply to the costs because all costs are paid by the plaintiff in concursus up to the date of his suit. He does not owe further costs unless judgment in rendered against him.

The plaintiff and the recorded privileged creditors having each recovered judgment in their favor are entitled to recover costs against the Surety Company. The plaintiff having lost its claim for demurrage, might have been charged with the costs incident thereto. But the defendant did not object to any testimony in support of that claim, as it might have done, on the failure of the plaintiff to allege default. Having allowed the testimony it must pay for it.

It is therefore ordered that the judgment appealed from be affirmed in so far as it decrees that each party shall be refunded his costs out of the fund deposited, and in so far as it is in favor of Hon. Joseph A. Bréaux for $50.00, and in favor of Falvy-Wilson Co., Ltd. for $37.50.

It is further ordered that the item in favor of Meyer S. Dreifus, Commissioner be reduced from $150.00 to $75.00; that the items in favor of the Conservative Homestead Association for $150.00 and in favor of Andrew M. Buchman for $12.50 be rejected and stricken out; that the item in favor of Cornelius Murphy be increased from $40.50 to $70.50; that the plaintiff herein be condemned to pay, in addition to the sum of $684.00 deposited by it, five per cent per annum interest on said sum from July 26th. 1917 to October 30th. 1917. ⟩⟨

And as thus amended that the judgment appealed from be affirmed.

The costs of this appeal to be paid by Meyer S. Dreifus, the Conservative Homestead Association, and Andrew M. Buchman, in solido.